UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERESITA MOSES

VERSUS

MARK BOUDREAUX, ET AL

CIVIL ACTION

NUMBER 13-726-SCR

### RULING ON MOTION TO EXCLUDE EVIDENCE

Before the court is the plaintiff's Motion to Exclude Irrelevant and Prejudicial Testimony. Record document number 34. Defendants filed an opposition.[1]

The parties memoranda and the cases relied upon by both sides have been considered. The court agrees with the defendants that, as a factual matter, the motion is based on speculation about what Michael S. Gillen's trial testimony will be and therefore is premature. As to the evidentiary issue - the admissibility of severity or force-of-impact evidence - the state and federal court cases reach different conclusions, mostly depending on the facts of each case. The fact that seems to carry the greatest weight is whether the plaintiff's injuries are causally connected to the defendant's negligent conduct. See, e.g. *Fabre v. Royal Freight, LP*, 2013 WL 1658771 (M.D.La. 2013)(involving significant force), citing *Simon v. United States*, 51 F.Supp. 2d 739, 747 (W.D.La. 1999)(minimal force of impact is irrelevant where record clearly

---

[1] Record document number 35.

establishes that plaintiff suffered some injuries as a result of the accident); *Fortier v. State Farm Mutual Automobile Insurance Co.*, 2000 WL 1059772 (E.D.La. 2000), citing cases, including *Currie v. Myers*, 750 So.2d 388, 392 (La.App.2d Cir. 2000)(jurisprudence supports consideration of force-of-impact testimony as a relevant factor in determining causation or extent of injuries, although not as the sole or determinative element).

In this case, the defendants have not stipulated that the plaintiff clearly, or otherwise, suffered an injury from the accident. So even the cases which hold that force-of-impact evidence is not relevant when the plaintiff clearly suffered an injury are not applicable. And of course, no finding has been made as to whether the plaintiff did or did not suffer an injury as a result of the accident. This determination must await the presentation of evidence at the trial and evaluation of the credibility of the witnesses.

Accordingly, the plaintiff's Motion to Exclude Irrelevant and Prejudicial Testimony is denied, without prejudice to the plaintiff making appropriate objections at the trial.

Baton Rouge, Louisiana, February 26, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE